## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Petrae Hawkins, *et al.*,

      Plaintiffs,

    v.                              Case No. 1:19-cv-01047

CooperSurgical, Inc., *et al.*,

                                        Judge Michael R. Barrett

      Defendants.

### ORDER

This matter is before the Court on Defendant CooperSurgical's ("CooperSurgical") Motion to Dismiss Plaintiffs' Complaint. (Doc. 5). Plaintiffs have filed a memorandum in opposition, (Doc. 7), to which Defendant has replied (Doc. 10). For the reasons explained below, Defendant's Motion will be GRANTED IN PART.

## I.     BACKGROUND[1]

This case arises out of a December 4, 2014 medical procedure. Plaintiff Petrae Hawkins underwent a laparoscopic vaginal hysterectomy and bilateral salpingectomy under the medical care and supervision of Dr. Lisa Gennari. (Doc. 3, Complaint at PageID 22 (¶ 8)). Unbeknownst to Ms. Hawkins, a piece of equipment—alleged to have been designed, manufactured, sold, and distributed by Defendant CooperSurgical—broke during the surgery and was left behind in her abdomen. (*Id.* at PageID 22 (¶ 3), 23 (¶ 9)). Some three years later, in September 2017, Ms. Hawkins visited an urgent care facility for abdominal and back pain, nausea, and frequent urination. (*Id.* at PageID 23 (¶ 10)). She followed up with her primary care physician, was referred

---

[1]Defendant's Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of deciding it, therefore, the Court accepts as true the factual allegations made by Plaintiffs in their Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

to a urologist, and underwent a CT scan, which identified a large unknown mass in her abdomen. (*Id.*). On November 3, 2017, Ms. Hawkins underwent an exploratory laparoscopy, at which time the device was discovered and removed. (*Id.* (¶ 11)). Significant internal injury was observed during the surgery. (*Id*. ¶ 12)). Ms. Hawkins has required additional medical treatment, including additional surgery, to alleviate the injury and resulting pain. (*Id.* (¶ 13)).

Ms. Hawkins and her son filed a three-count complaint in the Hamilton County Court of Common Pleas on November 4, 2019, naming as Defendants CooperSurgical and John Does I–X. Ms. Hawkins alleges liability under the Ohio Product Liability Act ("OPLA") and the common law tort of negligence. (*Id.* at PageID 24–25 (¶¶ 16–22)). Her son brings a claim for loss of consortium. (*Id.* at PageID 25 (¶¶ 23–25)). CooperSurgical timely removed Plaintiffs' Complaint on December 10, 2019. (Doc. 1, Notice of Removal at PageID 4 (¶ 14)).

CooperSurgical now moves to dismiss the Complaint, contending that Ms. Hawkins' claims are time-barred on their face by Ohio's two-year limitations period. In addition, CooperSurgical maintains that Ms. Hawkins' common law negligence claim is abrogated by the OPLA. Finally, because these two underlying claims fail, Ms. Hawkins' son's claim for loss of consortium likewise fails.

Dr. Gennari is not a party to this civil action. However, Plaintiffs filed a separate medical malpractice lawsuit against her and others in the Hamilton County Court of Common Pleas on October 29, 2018.[2] (*See* Doc. 5-1). That lawsuit remains pending.

---

[2] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). And they may do so in resolving a motion to dismiss without converting it to one for summary judgment. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). The separate lawsuit against Dr. Gennari is referenced in paragraph 8 of the Complaint and is central to the allegations in this case. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

## II.    STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts do not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is **plausible** on its face." *Id.* at 570 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

On a Rule 12(b)(6) motion, a district court "may consider exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (internal quotation and citation omitted). The ability of the court to consider supplementary documentation has limits, however, in that it must be "clear that there exist no material disputed issues of fact concerning the relevance of the document." *Mediacom Se. LLC v. BellSouth Telecomms., Inc.,* 672 F.3d 396, 400 (6th Cir. 2012) (internal quotation and citation omitted).

Further, Rule 12(b)(6) can be an appropriate mechanism for dismissal of time-barred claims. *See Allen v. Andersen Windows, Inc.,* 913 F. Supp. 2d 490, 500 (S.D. Ohio 2012)

("Dismissal under Fed. R. Civ. P. 12 (b)(6) based on a statute-of-limitations bar is appropriate when the complaint shows **conclusively on its face** that the action is indeed time-barred.") (emphasis added) (citing *Gibson v. Am. Bankers Ins. Co.,* 289 F.3d 943, 946 (6th Cir. 2002)).  Still further, claims that are preempted by the OPLA may be dismissed under Rule 12(b)(6).  *See Mitchell v. Proctor & Gamble,* No. 2:09-CV-426, 2010 WL 728222, at *2–5 (S.D. Ohio Mar. 1, 2010) (dismissing plaintiff's claims that were preempted by the OPLA under Rule 12(b)(6)).

### III.    ANALYSIS

#### A.  Plaintiff Hawkins' Product Liability Claim is Not Time-Barred on its Face.

This Court has subject-matter jurisdiction of this civil action based on diversity of citizenship.  (Doc. 1, Notice of Removal at PageID 2–4 (¶¶ 3–13)).  Thus, Ohio law controls the statute of limitations in this case.  *Atkins v. Schmutz Mfg. Co.*, 372 F.2d 762, 764 (6th Cir. 1967) ("In diversity cases the law of the State in which a federal court sits must be followed with respect to the statute of limitations[.]") (citing *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945)).  In Ohio, "an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues."  Ohio Rev. Code § 2305.10(A).

This is a medical device case.  Thus, the "discovery" rule applies, and the statute of limitations accrues when a plaintiff knows or reasonably should have known that her injury was caused by the defendant.  *Dunn v. Ethicon, Inc*., 167 F. App'x 539, 541 (6th Cir. 2006) (citing *O'Stricker v. Jim Walter Corp.*, 4 Ohio St. 3d 84, 447 N.E.2d 727 (1983)).  Or so CooperSurgical argued initially.

In its original memorandum in support, CooperSurgical asserted that Ms. Hawkins' cause of action accrued no later than November 3, 2017, the date that the device was discovered and

removed from her abdomen. This "discovery" date is referenced in her medical malpractice lawsuit against Dr. Gennari, who performed her hysterectomy and salpingectomy on December 4, 2014. (*See* Doc. 5-1 at PageID 44 (Complaint ¶ 18)). And the lawsuit removed to this Court was filed on November 4, 2019, "at least one day after the latest possible expiration of the two-year limitations period based on the allegations in the Complaint." (Doc. 5 at PageID 33).

Ms. Hawkins takes no issue with the date of November 3, 2017 and calls the Court's attention to Ohio Civ. R. 6(A). (Doc. 7 at PageID 51–52).

Much like its federal counterpart, the Ohio rule excludes Saturdays and Sundays from its computation period:

> **In computing any period of time prescribed** or allowed by these rules, by the local rules of any court, by order of court, or **by any applicable statute**, the day of the act, event, or default from which the designated period of time begins to run shall not be included. **The last day of the period so computed shall be included, unless it is** a Saturday, **a Sunday**, or a legal holiday, **in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday**.

Ohio Civ. R. 6(A) (emphasis added). November 3, 2019 was a Sunday. Thus, Ms. Hawkins had until "the next day which is not a Saturday, a Sunday, or a legal holiday" to timely file her Complaint, which fell on Monday, November 4, 2019. There is no dispute that Ms. Hawkins filed her Complaint with the Clerk for the Hamilton County Court of Common Pleas on November 4, 2019. Thus, her Complaint was timely filed.

In reply, CooperSurgical changes course. "Putting aside the time calculation rule, on the face of the Complaint, [Ms. Hawkins'] claim accrued well before November 3, 2017." (Doc. 10 at PageID 66). To this end, CooperSurgical references her September 2017 urgent care visit and her follow-up with her primary care physician. (*Id.* (citing Doc. 3, Complaint at PageID 23 (¶ 10)). CooperSurgical also references her referral to a urologist who, upon performing a CT scan,

identified a "large unknown mass" in her abdomen. (*Id.*). No date for that visit is listed in the Complaint pending before this Court. However, in the medical malpractice action pending in state court, that date is listed as October 31, 2017. (*See* Doc. 5-1 at PageID 44 (¶16) ("It was the specialist who discovered the presence of a foreign body in Ms. Hawkins' pelvis and abdomen area.")). The medical malpractice action also alleges that Ms. Hawkins "treated with Dr. Gennari" the next day, November 1, 2017 who "recommended exploratory surgery to remove the foreign body." (*Id.* (¶ 17)). On these more specific facts, in particular the urologist's discovery of the mass, CooperSurgical contends that the statute of limitations accrued on October 31, 2017 because a "cognizable event" had occurred.

It is true that Ohio recognizes both a "discovery" rule and a "cognizable event" rule in determining the accrual of the limitations period in medical malpractice cases. *See Flowers v. Walker*, 63 Ohio St. 3d 546, 589 N.E.2d 1284 (1992). And the Sixth Circuit in *Dunn* noted that, "[i]n *Flowers*, the Ohio Supreme Court suggested that this test could be used in product liability claims." 167 F. App'x at 542 (citing *Flowers*, 63 Ohio St. 3d at 550, 589 N.E.2d at 1288)). The "cognizable event" rule allows for the accrual of an action "(1) when the injured party became aware, or should have become aware, of the extent and seriousness of [her] condition; (2) whether the injured party was aware, or should have been aware, that such condition was related to a specific medical service previously rendered [her]; and (3) whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition." *Dunlap v. Medtronic, Inc.*, 47 F. Supp. 2d 888, 890 (N.D. Ohio 1999) (citing *Hershberger v. Akron City Hosp.*, 34 Ohio St. 3d 1, 516 N.E.2d 204 (1984)). "The question of whether a cognizable event has occurred turns upon the facts and circumstances of each particular case." *Id.* (citing *Rose v. Women's Health Clinic*, 90 Ohio App. 3d 776, 630 N.E.2d 760 (Ohio Ct. App. 1992)).

Even presuming the "cognizable event" rule applies in a product liability case brought under Ohio law, the Court cannot find that Ms. Hawkins' claim is time-barred solely from the allegations in this case and in the companion medical malpractice case. Paragraphs 16 and 17 in the state court case both refer to a "foreign body," but no facts are pled that link this "foreign body" with her 2014 surgery. Thus, drawing all reasonable inferences in favor Plaintiff Hawkins, *see Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Directv v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)), the second prong of the rule is not met, ending the analysis.

CooperSurgical asks, in the alternative, for leave to renew this argument following discovery (*see* Doc. 10 at PageID 69), which the Court will allow. On this point, the Court observes that both *Dunn* and *Dunlap* were decided on motions for summary judgment, not motions to dismiss.

### B. Plaintiff Hawkins' Negligence Claim is Abrogated by the OPLA.

Count II of the Complaint—titled "Negligence"—reads as follows:

> In addition to liability created pursuant to Ohio's product liability act, Defendants were negligent under the common law of Ohio, and are separately liable for that negligence and the resulting damages.

(Doc. 3, Complaint at PageID 25 (¶ 22)). This claim is unmistakably abrogated by the OPLA.

In Ohio, product liability claims include *all* causes of actions that seek to recover damages for injury caused by an alleged defect in a product, and the OPLA governs all such claims. *See* Ohio Rev. Code § 2307.71(A)(13); *Miles v. Raymond Corp.*, 612 F. Supp. 2d 913, 917 (N.D. Ohio 2009) (the OPLA applies to all product liability claims). Indeed, the OPLA expressly states that it is "intended to abrogate **all** common law product liability claims or causes or action." Ohio Rev. Code § 2307.71(B) (emphasis added); *see Stratford v. SmithKline Beecham Corp.*, No 2:07-CV-639, 2008 WL 2491965, at *5 (S.D. Ohio June 17, 2008). In response, Ms. Hawkins argues that

dismissal would be "premature at this stage[.]" (Doc. 7 at PageID 54). She concedes that "the OLPA preempts common law product liability claims," but states that her negligence claim "is pled in the alternative to preserve any claims that are not 'product liability causes of action' within the meaning of Ohio Rev. Code § 2307.71(B) and/or as to other John Doe defendants who may be directly and/or vicariously responsible for the conduct and damages put forth in the Complaint." (*Id.*).

In support of her alternative "negligence" claim, Ms. Hawkins simply "incorporates the previous paragraphs of th[e] Complaint" that are the same allegations that form the basis of her product liability claim under the OPLA. Thus, to allow her to proceed with this litigation strategy would undermine the exceedingly clear language of the statute. The Court agrees that Ms. Hawkins' negligence claim was intended to be, and is, abrogated by the express terms of the OPLA. Accordingly, it must be dismissed.

## IV. CONCLUSION

Defendant CooperSurgical's Motion to Dismiss Plaintiffs' Complaint is **GRANTED IN PART**, specifically as to Plaintiff Hawkins' negligence claim, which is abrogated by the OPLA and therefore **DISMISSED**. In all other respects, however, Defendant's Motion is **DENIED**. Defendant may renew its statute of limitations argument, if appropriate, after targeted discovery on this issue.

**IT IS SO ORDERED.**

s/*Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

8